IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JO ANN BARKER,  No. 6:13-cv-01231-HZ

        Plaintiff,  OPINION & ORDER

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Jo Ann Barker
P.O. Box 1113
Drain, Oregon 97435

    Plaintiff pro se

S. Amanda Marshall
United States Attorney, District of Oregon
Ronald K. Silver
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Kathryn A. Miller
Special Assistant United States Attorney
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Pro se Plaintiff Jo Ann Barker brings this action for judicial review of the May 24, 2013, decision of the Commissioner of Social Security Administration ("Commissioner") granting Plaintiff a waiver of overpayment of past supplemental security income ("SSI") benefits. Plaintiff contends that, despite granting Plaintiff a favorable decision, the Administrative Law Judge ("ALJ") erred in two ways: (1) "the Commissioner asserting lack of jurisdiction in the matter of reimbursement and recovery of interim assistance allegedly owed paid and transferred to the CA Department of Social services [and]; (2) failure of the Commissioner to address the continuing disability and that Underpayment from December 1999 to February 6th, 2002 found in the Commissioners Recordings of the Downey ODAR September 1st and September 7th, 2011." Compl. 1-2.

      The Commissioner moves to dismiss Plaintiff's Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). The Commissioner contends that this Court lacks subject matter jurisdiction to review decisions of the Commissioner regarding reimbursement of interim assistance payments to a state. The Commissioner also argues that this Court lacks jurisdiction to review an earlier SSI application when Plaintiff failed to timely request reopening of the application.

      The Court agrees that it lacks jurisdiction to hear Plaintiff's claims and, therefore, the Court dismisses the Complaint.

2 - OPINION & ORDER

## BACKGROUND

I.      History of the Case

The history of this case is lengthy and complicated. In 1993, an ALJ found Plaintiff disabled as of April 8, 1991. Several years later, following a periodic review, the Social Security Administration ("Administration") requested that Plaintiff undergo consultative examinations in order to obtain current medical evidence. When Plaintiff refused to attend those examinations, the Administration terminated her eligibility of benefits. Plaintiff appealed the termination. Pursuant to a hearing regarding the appeal, an ALJ issued a decision on February 18, 1999, terminating Plaintiff's eligibility for benefits effective September 30, 1997. On February 3, 2000, the Appeals Council denied review of the ALJ decision. Plaintiff did not seek review of the cessation of benefits in federal court.

On February 6, 2002, Plaintiff filed another application for SSI. The Administration denied the application initially and upon reconsideration. Plaintiff appealed. An ALJ conducted a hearing and issued an unfavorable decision on February 19, 2004, determining that Plaintiff was not disabled from the date of the 2002 application through the date of the decision. The Appeals Council denied Plaintiff's application for review.

Plaintiff then appealed to the United States District Court for the Central District of California, which remanded the case for further proceedings in an opinion issued on May 11, 2009. See Barker v. Astrue, No. CV05-5766JC, 2009 WL 1334366 (C.D. Cal. May 11, 2009). The court remanded the case for the ALJ to "develop the record regarding plaintiff's mental condition and to assess whether . . . plaintiff is able to work." Id. at *5. The court noted that "much of plaintiff's motion for summary judgment takes issue with the Administration's prior decisions relating to her 1991 application for supplemental security income." Id. However,

3 - OPINION & ORDER

Plaintiff had not requested a reopening of that decision from the Appeals Council within 12 months of the Council's denial of review of Plaintiff's application. Id. (citing 20 C.F. R. § 416.1488(a)). Therefore, the ALJ's cessation decision had become final and the district court determined that it lacked jurisdiction to review the earlier decision. Id. (citing 20 C.F.R. § 416.1487(a); Brodie v. Commissioner of Social Security, 267 Fed. App'x. 662, 664 (9th Cir. 2008)[1]; and Udd v. Massanari, 245 F.3d 1096, 1098-99 (9th Cir. 2001)). However, the court stated that, on remand "it may be appropriate for the Administration, in accordance with Social Security Ruling 91-5p, to review whether there is cause to reopen the prior application for further administrative action to determine whether plaintiff's mental impairment prevented her from appropriately supplementing the record for disability review." Id. at *6.

On September 20, 2011, an ALJ issued a decision after conducting a hearing in accordance with the district court's remand instructions. The ALJ found Plaintiff disabled since February 6, 2002, the date her second application for SSI was filed, because there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. Pl. Reply Att. 2, [29-2]. The ALJ also conducted an analysis under SSR 91-5p, as recommended by the district court, to determine whether there was cause to reopen Plaintiff's prior application for further administrative action. Id. Specifically, the ALJ looked at Plaintiff's mental impairment and whether it prevented her from supplementing the record in the 1999 proceedings that resulted in her benefits being terminated. Id. The ALJ determined that Plaintiff did not have a mental or physical impairment which limited her ability to appeal the cessation determination either herself or through a representative. Id. Therefore, the ALJ concluded that "the decision

---

[1] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b) and Fed. R. App. P. 32.1(a).

issued on February 18, 1999, ceasing the claimant's eligibility for benefits will not be reopened herein and is final." Id.

## II.    Present Case

After Plaintiff's benefits were terminated on September 30, 1997, she appealed the decision and elected to continue receiving benefits during the pendency of her appeal. Tr. 7. As discussed above, an ALJ subsequently issued a decision on February 18, 1999, affirming the termination of Plaintiff's disability benefits. Therefore, between 1997 and 1999, Plaintiff received benefits even though the Administration ultimately determined that she was not disabled during that time. Tr. 7.

The Administration reportedly issued Plaintiff a Notice of Overpayment on November 26, 1999, stating that Plaintiff was overpaid Title XVI benefits in the amount of $13,058.19 from October 1, 1997 to November 1, 1999.[2] Tr. 7. Plaintiff requested a waiver from the overpayment and, after various decisions and appeals, requested a hearing. Tr. 7. An ALJ conducted a hearing regarding the waiver of overpayment on April 10, 2013. Tr. 7. On May 24, 2013, the ALJ issued a favorable decision, waiving recovery of the overpayment, because Plaintiff was not at fault in causing the overpayment and recovery of the overpayment would be against equity and good conscience. Tr. 10.

In the May 24, 2013 decision, the ALJ stated that she lacked jurisdiction to address two additional issues raised by Plaintiff. Tr. 8. Those two issues are the basis for the present action. First, Plaintiff challenged the reimbursement procedure under which the Administration withheld Plaintiff's first SSI payment in order to reimburse the State of California for the interim assistance payments it provided to Plaintiff during the pendency of her second application for

---

[2] The Administration was not able to produce this Notice of Overpayment at the 2013 hearing. Tr. 7.

5 - OPINION & ORDER

benefits.[3] The ALJ determined that the Administration lacked jurisdiction to consider Plaintiff's request for a hearing related to reimbursement of interim assistance provided by the State of California. Tr. 8. The ALJ explained that Plaintiff "signed an authorization for such reimbursement . . . and also acknowledged that any disputes with the state agency would be directed to the California Department of Social Services." Tr. 8.

Second, the ALJ declined to address the issue of whether Plaintiff's benefits were properly ceased in 1997. The ALJ stated that "[p]er the prior order of the United States District Court for the Central District of California, the issue of whether claimant's benefits were properly ceased in 1997 is not to be reviewed and is not currently before me." Tr. 8.

**STANDARD**

A court must dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). While the court may hear evidence concerning subject-matter jurisdiction and resolve factual disputes where necessary, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the [court] from evaluating for itself the merits of jurisdictional claims." Kingman Reef Atoll Invs., LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing Rule 12(b)(1)).

The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Arbaugh v. Y&H Corp., 546 U.S. 500, 506-07 (2006). Rule 12(h)(3)

---

[3] As the Commissioner explains, "[a]pplicants for SSI sometimes experience delays before their entitlement to benefits is determined. To ease the financial hardship that these delays may occasion, local public assistance agencies are authorized to furnish eligible applicants with interim assistance payments, which are later recouped from a claimant's SSI award." Def. Mot. 2.

instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Id. See also, Li Ching Chu v. Tribal Technologies, Inc., 576 F. App'x 668, 669 (9th Cir. 2014).

## DISCUSSION

I.   **Reimbursement to State of California for Interim Assistance**

Plaintiff challenges the Administration's reimbursement to the State of California for interim assistance payments made to Plaintiff while Plaintiff's second SSI application was pending. This Court lacks jurisdiction to review that action.

Section 1383(g) of Title XVI of the Social Security Act governs reimbursement to states for interim assistance payments. See 42 U.S.C. § 1383(g). The statute makes clear that Section 1383(c), which provides for the adjudication of claims for SSI benefits, is not applicable to "any disagreement concerning payment by the Commissioner of Social Security to a State pursuant to the preceding provisions of this subsection nor the amount retained by the State (or political subdivision)." 42 U.S.C. § 1383(g)(5). Such disagreements are not subject to judicial review.

Other federal courts have reached the same conclusion. In Page v. Comm'r of Soc. Sec., No. 07-14873, 2009 WL 837705, at *11 (E.D. Mich. Feb. 19, 2009) report and recommendation adopted, No. 07-14873, 2009 WL 801723 (E.D. Mich. Mar. 24, 2009), the court concluded that Section 1383(g)(5) plainly manifests Congress' express intention that decisions of the Commissioner regarding reimbursements of interim assistance not be subject to judicial review under Section 1631(c) of the Social Security Act (or under Section 205 of the Act, which Section 1631(c) incorporates by reference). W. v. Sullivan, No. 92 CIV. 4024 (PKL), 1993 WL 14472, at *1 (S.D.N.Y. Jan. 11, 1993) expressly states that "issues regarding the interim assistance reimbursement program are not subject to judicial review." See also, McConnell v. Colvin, No.

5:12-CV-01829, 2014 WL 5660377, at *6 (N.D.N.Y. Sept. 5, 2014). And the court in Trotta v. Sec'y of Health & Human Servs., 765 F. Supp. 29, 33 (D. Mass. 1991) explains that to "allow the plaintiff to proceed in this court would be to thwart the efforts of Congress to encourage states to offer interim assistance to SSI applicants while their applications are pending."

Thus, because Plaintiff's claim relates to a "disagreement concerning payment by the Commissioner of Social Security to a State pursuant to the preceding provisions of this subsection [or] the amount retained by the State (or political subdivision)," this Court has no subject matter jurisdiction. See 42 U.S.C. § 1383(g)(5).

Nor can Plaintiff claim that she had inadequate notice about the reimbursement procedures of the Administration and the State of California. The record contains Plaintiff's signed "Authorization for Reimbursement of Interim Assistance Granted Pending SSI/SSP Eligibility Determination" form. Tr. 116-117. The form states that:

> In consideration of such interim assistance paid to me, or on my behalf, I authorize the Secretary of the United States Department of Health and Human Services, through the Social Security Administration (SSA) to send the first payment of any SSI/SSP benefits, for which I may be determined eligible to [Los Angeles County DPSS].

Plaintiff's remedy is to seek a state hearing challenging the reimbursement, not to challenge the action in federal court. See, e.g., Diaz v. Carlson, 5 F. Supp. 2d 809, 816 (C.D. Cal. 1997) aff'd sub nom. Diaz v. Anderson, 142 F.3d 443 (9th Cir. 1998).[4]

**II.     Disability Payments From December 1999 to February 6, 2002**

The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt." Hebbe v. Plier, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted); see also, Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

---

[4] Plaintiff admits that she failed to seek a state hearing challenging the reimbursement. Pl.'s Reply 5.

Plaintiff's second claim alleges that the Commissioner has failed to "address the continuing disability and that Underpayment from December 1999 to February 6th, 2002 found in the Commissioners Recordings of the Downey ODAR September 1st and September 7th, 2011." Compl. 2. The Court construes this claim to mean that Plaintiff asserts that she was disabled and should have received SSI between 1999 and 2002.

In 1997, an ALJ terminated the benefits Plaintiff had been receiving pursuant to her 1991 SSI application. On February 3, 2000, the Appeals Council denied review of the ALJ's decision. However, Plaintiff was erroneously paid benefits from 1997 to 1999 (Plaintiff was later given a waiver from the overpayment). Plaintiff was ultimately determined to be disabled again in 2002; therefore, the years at issue in which she did not receive SSI payments were from 1999 to 2002. In other words, Plaintiff challenges the Administration's decision to uphold the 1999 termination of her first SSI benefit award and not to provide her benefits again until 2002, when she was determined to be disabled due to her second SSI application. Plaintiff asks this Court to take action to help her receive benefits for those years. However, the Court does not have jurisdiction over this claim.

The Ninth Circuit has explained that a plaintiff may not re-litigate her prior claims for benefits. Brodie v. Comm'r of Soc. Sec. Admin., 492 F. App'x 817 (9th Cir. 2012). "Under applicable regulations, [a plaintiff is] required to request a reopening of the ALJ's decision directly from the Appeals Council within twelve months of the Council's denial of review of that application." Id.; see also 20 C.F.R. § 416.1488. If a plaintiff does not request the reopening of an ALJ's decision, she becomes foreclosed from re-litigating those claims. Id.; see also Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).

In order to protest the Appeals Council's decision and attempt to continue receiving benefits derived from her 1991 application, Plaintiff was required to request a reopening of the ALJ's decision from the Appeals Council within 12 months of the Council's denial of review in 2000. Plaintiff failed to do so.

Instead, Plaintiff attempted to argue to the Central District of California District Court in 2009 that the court should take action in order to address the fact that Plaintiff received no disability payments from 1999 to 2002. Magistrate Judge Choolijian addressed Plaintiff's argument in her 2009 opinion. See Barker v. Astrue, No. CV05-5766JC, 2009 WL 1334366 (C.D. Cal. May 11, 2009). The Judge explained her conclusion in the following way:

> Much of plaintiff's motion for summary judgment takes issue with the Administration's prior decisions relating to her 1991 application for supplemental security income . . . . . Applicable regulations require that a claimant request a reopening of an ALJ's decision directly from the Appeals Council within 12 months of the Council's denial of review of that application. See 20 C.F.R. § 416.1488(a). Because plaintiff failed to do so, the ALJ's cessation decision has become final for purposes of these proceedings. See 20 C.F.R. § 416.1487(a). The Court therefore lacks jurisdiction to review the earlier decision.

However, even though the district court lacked jurisdiction to consider reopening Plaintiff's application, the Administration retained discretion to do so. Therefore, the ALJ in the 2011 hearing considered whether Plaintiff's mental impairment prevented her, in 1999, from appropriately supplementing the record for disability review, in accordance with SSR 91-5p. Pl. Reply Att. 2 [29-2, p. 2-4.]. The ALJ determined that Plaintiff did not have a mental impairment that would have prevented her from appropriately supplementing the record. Id. Therefore, the ALJ stated that the decision regarding the cessation of Plaintiff's benefits in 1997 "will not be reopened herein and is final." Id. Plaintiff did not challenge that ALJ's opinion.

Finally, the ALJ who conducted the 2013 hearing and whose decision is now before this Court for review, reiterated that "per the prior order of the United States District Court for the

Central District of California, the issue of whether claimant's benefits were properly ceased in 1997 is not to be reviewed and is not currently before me." Tr. 8. Similarly, and for all of the reasons above, this Court lacks jurisdiction to review the past action.

### III.    Leave to Amend

The Complaint must be dismissed.[5] Additionally, because Plaintiff's proper remedy as to her first claim is to seek a state administrative hearing in California and because Plaintiff is foreclosed from litigating her prior claim for benefits, the Complaint is dismissed with prejudice, as amendment would be futile. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); but see Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile").

### CONCLUSION

Defendants' motion to dismiss [31] is GRANTED. Plaintiff's Complaint [2] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this \_\_12\_\_ day of \_\_February\_\_, 2015

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[5] Both parties address the fact that the Administration has been unable to produce the 2013 ALJ hearing transcript. The absence of the transcript does not impact the Court's conclusion.